# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

TRAVON LEON FREEMAN,

          Plaintiff,

    v.

JULIOUS, et al.,

          Defendants.

_____/

CASE NO. 1:09-CV-02245-DLB PC

ORDER DISMISSING COMPLAINT WITH
LEAVE TO FILE AMENDED COMPLAINT
WITHIN THIRTY DAYS

(DOC. 1)

**Screening Order**

## I.   Background

Plaintiff Travon Leon Freeman ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on December 29, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1

1  1915(e)(2)(B)(ii).

2      A complaint must contain "a short and plain statement of the claim showing that the

3  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

4  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

6  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

7  matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*,

8  550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

9  **II.    Summary of Complaint**

10     Plaintiff is incarcerated at Corcoran State Prison ("CSP") in Corcoran, California, where

11  the events giving rise to this action occurred.  Plaintiff names as Defendants warden Julious, Ben

12  Albatri, the native American chaplain, and the Corcoran Religious Review Committee ("RRC").

13     Plaintiff alleges the following.  Plaintiff contacted the Corcoran RRC regarding receiving

14  a satanic bible and to see a satanic clergyman.  Plaintiff contacted Defendant Albatri, who sent

15  the request to the RRC.  Plaintiff never received a response Plaintiff contends that he was

16  discriminated against because of his religion.  Plaintiff contends violations of the First and Fifth

17  Amendment to the United States Constitution, and violation of Articles 1 and 15 of the

18  California Constitution.

19     Plaintiff requests as relief monetary damages, and injunctive relief in the form of allowing

20  Plaintiff to do satanic rituals and see a satanic clergyman.  Plaintiff also lists over $6,000 worth

21  of food and other personal items as requested relief.

22  **III.   Analysis**

23     **A.    First Amendment - Free Exercise Of Religion**

24     "The right to exercise religious practices and beliefs does not terminate at the prison door.

25  The free exercise right, however, is necessarily limited by the fact of incarceration, and may be

26  curtailed in order to achieve legitimate correctional goals or to maintain prison security."

27  *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Shabazz*, 482 U.S. 342

28  (1987)); *see Bell v. Wolfish*, 441 U.S. 520, 545 (1979).  Only beliefs which are both sincerely

2

1  held and rooted in religious beliefs trigger the Free Exercise Clause.  *Shakur v. Schriro*, 514 F.3d

2  878, 884-85 (9th Cir. 2008) (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994)); *Callahan*

3  *v. Woods*, 658 F. 2d 679, 683 (9th Cir. 1981).  Under this standard, "when a prison regulation

4  impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to

5  legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).  First, "there must be

6  a valid, rational connection between the prison regulation and the legitimate government interest

7  put forward to justify it," and "the governmental objective must itself be a legitimate and neutral

8  one." *Id.*  A second consideration is "whether there are alternative means of exercising the right

9  that remain open to prison inmates." *Id.* at 90 (internal quotations and citation omitted).  A third

10  consideration is "the impact accommodation of the asserted right will have on guards and other

11  inmates, and on the allocation of prison resources generally." *Id.*  "Finally, the absence of ready

12  alternatives is evidence of the reasonableness of a prison regulation." *Id.*

13      Plaintiff submits with his complaint his inmate grievance filed regarding this action.

14  (Compl. 5-20.)  Plaintiff did not provide adequate information as to what his beliefs are

15  regarding satanism for them to provide him with his satanic reading materials.  There are

16  apparently two different practices regarding satanism.  Plaintiff is currently incarcerated in the

17  SHU, and pursuant to the operating procedures of the prison, all SHU inmates are not allowed

18  group religious services.  CSP also does not have a satanic clergyman on staff.  Prison officials

19  have no affirmative obligation to provide appropriate clergy for inmates. *Ward v. Walsh*, 1 F.3d

20  873, 880 (9th Cir. 1993).  Thus, it appears that the prison had a legitimate penological interest for

21  the alleged denial.  Plaintiff will be required to allege how and why the prison regulations are not

22  reasonably related to a legitimate penological interest.

23      Plaintiff has also not sufficiently linked any Defendants to the deprivation of his

24  constitutional rights.  Defendant Albatri allegedly told Plaintiff that he would send Plaintiff's

25  request to the religious review committee.  It is unclear why Defendant, the Native American

26  chaplain, is responsible for the alleged deprivation of Plaintiff's free exercise of religion.  To

27  state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state

28  law and (2) the defendant deprived him of rights secured by the Constitution or federal law.

1 | *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

2 |       The religious review committee is also an unclear defendant.  The committee is

3 | presumably composed of several individuals who determine the religious practices at the prison.

4 | Plaintiff will need to be more specific as to the identity of the religious review committee.

5 | Because Plaintiff is proceeding pro se and in forma pauperis, the Court will require the United

6 | States Marshal to effect service of process, if Plaintiff states a cognizable claim.  Fed. R. Civ. P.

7 | 4(d)(2).   However, the Marshal cannot serve unknown defendants.  Plaintiff will be granted

8 | leave to amend as to this claim.

9 | **B.      Fifth Amendment**

10 |       Plaintiff alleges a violation of the Fifth Amendment, but fails to allege how the Fifth

11 | Amendment has been violated.  The Due Process Clause of the Fifth Amendment applies only to

12 | federal matters.  There are no allegations that supporting a finding of any other claims involving

13 | the Fifth Amendment.

14 | **C.      Supervisory Liability**

15 |       The Supreme Court recently emphasized that the term "supervisory liability," loosely

16 | and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949.

17 | "Government officials may not be held liable for the unconstitutional conduct of their

18 | subordinates under a theory of *respondeat superior*."  *Id.* at 1948.  Rather, each government

19 | official, regardless of his or her title, is only liable for his or her own misconduct.

20 |       When the named defendant holds a supervisorial position, the causal link between the

21 | defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v.*

22 | *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

23 | 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege

24 | some facts indicating that the defendant either: personally participated in the alleged deprivation

25 | of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated

26 | or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional

27 | rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642,

28 | 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

1  1989).

2       Plaintiff names Defendant Julious as a Defendant.  However, Plaintiff fails to allege facts

3  that indicate Defendant Julious personally participated in the alleged deprivation, knew of the

4  violations and failed to act to prevent them, or implemented a constitutionally deficient policy.

5  Plaintiff thus fails to state a claim against Defendant Julious.

6       **D.      State Law Claims**

7       Plaintiff also alleges a violation of the California Constitution.  As Plaintiff has failed to

8  state any cognizable federal claims, the Court will not exercise supplemental jurisdiction over

9  those claims at this time.  28 U.S.C. § 1367(c).

10  **IV.    Conclusion And Order**

11      Plaintiff fails to state a claim against any Defendants.  The Court will provide Plaintiff

12  with an opportunity to file an amended complaint curing the deficiencies identified by the Court

13  in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change

14  the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v.*

15  *Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

16      If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ.

17  P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

18  constitutional or other federal rights.  *Iqbal*, 129 S. Ct. at 1949.  Although accepted as true, the

19  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .

20  ."  *Twombly*, 550 U.S. at 555.

21      Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

22  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

23  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

24  pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

25  complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567

26  (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,

27  114 F.3d at 1474.

28  ///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.      The Clerk's Office shall send Plaintiff a complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified herein;

4.      Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

5.      If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 20, 2010**                         _____ **/s/ Dennis L. Beck**_____
                                                UNITED STATES MAGISTRATE JUDGE