# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON LEON FREEMAN, | CASE NO. 1:09-CV-02245-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | (DOC. 9) |
| MAURICE JULIOUS, et al., | DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |
| Defendants. | |

## Screening Order

**I.     Background**

Plaintiff Travon Leon Freeman ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000. Plaintiff initiated this action by filing his complaint on December 29, 2009. Doc. 1. The Court screened Plaintiff's complaint on October 21, 2010. Doc. 8. The Court found that Plaintiff failed to state a claim, and provided Plaintiff leave to file an amended complaint. On November 17, 2010, Plaintiff filed his first amended complaint. Doc. 9.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II.     Summary of Amended Complaint**

Plaintiff is currently incarcerated at California State Prison, Corcoran ("CSP-Cor"), where the events giving rise to this action occurred. Plaintiff names as Defendants Maurice Julious[1], acting warden of CSP-Cor; R. Davis, chief deputy warden of operation of CSP-Cor; Marlene Smith, community partnership manager at CSP-Cor; F. P. Field, III, associate warden of central services at CSP-Cor; B. Albitre, Native American spiritual leader at CSP-Cor; J. Jones, L. Nelson, and T. Cano, appeals coordinators at CSP-Cor; D. Foston, appeals examiner and facility captain, for the Inmate Appeals Branch of CDCR; N. Grannis, chief of Inmate Appeals Branch of CDCR; and John Does 1-10, members of CSP-Cor Religious Review Committee ("RRC").

Plaintiff alleges the following. Plaintiff is a practitioner of Satanism. Plaintiff requested access to religious items, such as a satanic bible, and other materials and artifacts. Plaintiff also requested access to a satanic clergyman.

Plaintiff initiated the grievance process by filing a grievance at the informal level on May 10, 2009. Am. Compl. 5. Plaintiff complained that RRC and Defendant Julious had a policy or

---

[1] It is unclear whether Plaintiff refers to "Mauriee Julious", or "Maurice Junious."

1  custom of not providing a religious program for the practice of satanism, including making
2  available satanic bibles and other materials, employing a satanic clergyman, and not providing
3  volunteer religious workers without written approval from Defendant Julious and referral by the
4  RRC.  Am. Compl. 6-7.

5  Plaintiff was informally interviewed by Defendant Albitre, a member of the RRC, on May
6  18, 2009.  Am. Compl. 9-10.  Defendant Albitre stated that he would attempt to locate some
7  materials for Plaintiff to practice his faith.  Am. Compl. 11.  Plaintiff received nothing.  *Id.*
8  Plaintiff filed an inmate grievance regarding this issue on May 19, 2009.  Am. Compl. 10.

9  Defendants Field and Smith responded to Plaintiff's grievance on June 17, 2009.  *Id.*
10  Defendants partially granted Plaintiff's grievance.  Am. Compl. 11-12.  Defendants required
11  Plaintiff to provide adequate information regarding which of the two different satanic bibles
12  corresponds to Plaintiff's religious beliefs, and a list of artifacts.  Am. Compl. 12.  Plaintiff was
13  dissatisfied with their response.  Am. Compl. 13.  Plaintiff appealed their decision to the second
14  level.  *Id.*

15  Defendant T. Cano screened out Plaintiff's grievance on July 3, 2009 because Plaintiff's
16  appeal was missing the first level review, which Plaintiff contends was bogus.  Am. Compl. 13.
17  On July 2009, Plaintiff submitted his second attempt, and was screened out by Defendant L.
18  Neslon, who stated that Plaintiff was only allowed to attach one additional page to his inmate
19  grievance.  *Id.*  Plaintiff was thus compelled to remove the additional page which included the
20  list of materials, artifacts, and bible type that had been requested at the First Level of review.  *Id.*

21  Plaintiff's July 12, 2009 grievance, in addition to appealing the first level review
22  decision, also complained of the conduct of Defendants Albitre, Field, Smith, Cano, and Nelson,
23  contending retaliatory conduct to discourage Plaintiff from grieving this issue.  Am. Comp. 14.

24  Defendants J. Jones and R. Davis responded at the second level of review on September
25  4, 2009.  *Id.*  Defendants Jones and Davis ignored Plaintiff's staff complaints.  *Id.*  Defendants
26  Jones and Davis made several false statements in their response.  Am. Compl. 15.  Defendants
27  Jones and Davis continued to deny Plaintiff his free exercise rights.  Am. Comp. 16.

28  Plaintiff appealed this grievance to the Director's level.  Defendants D. Foston and N.

1  Grannis responded on December 2, 2009.  Am. Comp. 17.  Defendants Foston and Grannis
2  affirmed the lower level decisions.  *Id.*
3        Plaintiff alleges a violation of the Free Exercise Clause of the First Amendment, Due
4  Process Clause of the Fourteenth Amendment, Equal Protection Clause of the Fourteenth
5  Amendment, and RLUIPA.[2]
6        Plaintiff requests as relief: declaratory judgment; preliminary and permanent injunction
7  requiring Defendants to cease interfering with the practice of his satanic religion and prohibit
8  retaliation; compensatory and punitive damages; a copy of both satanic bibles; and costs of suit.

**III.    Analysis**

    **A.    Free Exercise**

11  "The right to exercise religious practices and beliefs does not terminate at the prison door.
12  The free exercise right, however, is necessarily limited by the fact of incarceration, and may be
13  curtailed in order to achieve legitimate correctional goals or to maintain prison security."
14  *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Shabazz*, 482 U.S. 342
15  (1987)); *see Bell v. Wolfish*, 441 U.S. 520, 545 (1979).  Only beliefs which are both sincerely
16  held and rooted in religious beliefs trigger the Free Exercise Clause.  *Shakur v. Schriro*, 514 F.3d
17  878, 884-85 (9th Cir. 2008) (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994)); *Callahan*
18  *v. Woods*, 658 F. 2d 679, 683 (9th Cir. 1981)).  Under this standard, "when a prison regulation
19  impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to
20  legitimate penological interests."  *Turner v. Safley*, 482 U.S. 78, 89 (1987).  First, "there must be
21  a valid, rational connection between the prison regulation and the legitimate government interest
22  put forward to justify it," and "the governmental objective must itself be a legitimate and neutral
23  one."  *Id.*  A second consideration is "whether there are alternative means of exercising the right
24  that remain open to prison inmates."  *Id.* at 90 (internal quotations and citation omitted).  A third
25  consideration is "the impact accommodation of the asserted right will have on guards and other

---

[2] Plaintiff alleges a violation of the California constitution of his free exercise of religion.  Because the right to free exercise under the California constitution is no broader than that under the federal Constitution, the Court applies the same analysis to both claims.  *See Vernon v. City of Los Angeles*, 27 F.3d 1385, 1392 (9th Cir. 1994).

4

inmates, and on the allocation of prison resources generally." *Id.* "Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation." *Id.*

Here, Plaintiff fails to state a cognizable free exercise claim as to all Defendants. Regarding Defendant Albitre, Plaintiff fails to allege how Defendant Albitre actually deprived him of free exercise of his religion. Defendant Albitre interviewed Plaintiff, and stated that he would attempt to procure materials for Plaintiff to practice his faith. Though Plaintiff did not receive his materials, that does not demonstrate that Defendant Albitre prevented Plaintiff from doing so. To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949-50). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.*

Regarding Defendants Smith and Field, Plaintiff fails to state a claim. Based on the allegations, Defendants Field and Smith attempted to resolve Plaintiff's issues. They determined that Satanism has two different branches, and thus two different bibles. Defendants also were unsure as to what materials were required for the practice of satanism. Plaintiff was asked to supply additional information. Plaintiff fails to allege how Defendants Field and Smith's requests constituted a significant burden on Plaintiff's free exercise of his religion. *Turner*, 482 U.S. at 89. Plaintiff suggests that if Defendants were unsure as to which bible was appropriate, they should have just acquired both for Plaintiff to use. That is not a reasonable alternative to Defendants' request for further information. An inmate who adheres to a minority religion must be given "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to the conventional religious precepts." *Cruz v. Beto*, 405 U.S. 319, 322 (1972). Reasonable opportunities, however, are not the same as identical treatment. *Id.* at 322 n.2.

Regarding Defendants Cano and Nelson, Plaintiff fails to state a claim. Plaintiff contends that he was compelled to remove an additional page from his inmate appeal to the second level, which thus led to Plaintiff not complying with the requirements listed in the first level of review. Plaintiff has not alleged sufficient culpability for a violation of the free exercise clause. The

5

Ninth Circuit has not squarely addressed the issue of whether or not negligence is sufficient to state a violation of the free exercise of religion. Two district courts and the Fourth Circuit have found that negligence is not sufficient to state a valid claim for violation of an inmate's Free Exercise rights. *See Lewis v. Mitchell*, 416 F. Supp. 2d 935 (S. D. Cal. 2005); *Shaheed v. Winston*, 885 F. Supp. 861 (E.D. Va. 1995), *aff'd* 161 F.3d 3 (4th Cir. 1998); *see Lovelace v. Lee*, 472 F.3d 174, 201 (4th Cir. 2006) (citing *Lewis*). In *Lewis*, the court found that "prohibiting" within the meaning of the Free Exercise Clause "suggests a conscious act," rather than mere negligence. 416 F. Supp. 2d at 944 (citing *Shaheed*, 885 F. Supp. at 868). The *Lewis* court thus found that an inmate plaintiff must assert more than negligence to state a valid claim for the violation of an inmate's Free Exercise rights. *Id.* Instead, "[a plaintiff] must allege conscious or intentional acts that burden his free exercise of religion." *Id.* This Court adopts the *Lewis* court's sound rationale.[3] An inmate must allege a conscious or intentional act that burdened his free exercise of religion in order to state a claim. Here, Plaintiff alleges that Defendants Nelson and Cano intentionally deprived Plaintiff of the free exercise of his religion. Plaintiff's claims, however, are merely conclusory. Defendants Nelson and Cano appeared to be enforcing certain procedural requirements for the filing of an inmate grievance. Prisoners do not have a due process right to a specific grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Thus, any deprivation of Plaintiff's free exercise of his religion appears at most to be negligent, which is not sufficient to state a claim.

      Regarding the RRC and Defendant Julious, Plaintiff fails to state a claim. Plaintiff alleges a policy or custom of depriving satanists of the free exercise of their religion. Plaintiff, however, fails to allege how a policy or custom actually did so. It appears that any deprivation was the result of at most negligent actions, which does not demonstrate a policy or custom. Indeed, Plaintiff's amended complaint suggests that CSP-Cor had a policy or custom of trying to reasonably accommodate religious practice, in this instance by asking Plaintiff for more

---

[3] The United States Supreme Court has found that negligence does not give rise to a constitutional violation in the context of the Due Process Clause of the Fourteenth Amendment. *Daniels v. Williams*, 474 U.S. 327, 335-36 (1986). The *Lewis* court similarly followed the Supreme Court's line of reasoning with respect to the free exercise of religion.

specificity as to what materials are necessary to practice his faith.  As to Plaintiff's request for a satanic clergyman, prison officials do not have an affirmative obligation to provide appropriate clergy for inmates.  *Ward v. Walsh*, 1 F.3d 873, 880 (9th Cir. 1993); *Reimers v. Oregon*, 863 F.2d 630, 631-32 (9th Cir. 1989); *Allen v. Toombs*, 827 F.2d 563, 569 (9th Cir. 1987).

Regarding Defendants Foston and Grannis, Plaintiff fails to state a claim.  Plaintiff alleges that Defendants Foston and Grannis affirmed the lower level decisions at the Director's level of review.  As stated previously, Plaintiff fails to allege how the lower level decisions violated Plaintiff's free exercise rights.

**B.     Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that Defendants retaliated against Plaintiff for filing of inmate grievances by depriving him of free exercise of his religion.  As stated previously, Plaintiff fails to allege a free exercise claim.  Additionally, Plaintiff's allegations do not support a claim that Defendants took their actions because of Plaintiff's protected conduct.  Indeed, it does not appear that any Defendants did a conscious act to deprive Plaintiff of his free exercise of religion.  Defendants Smith and Field, for example, attempted to facilitate Plaintiff's free exercise by asking for further information for Plaintiff to acquire religious materials.  Defendant Albitre interviewed Plaintiff and promised to attempt to acquire religious materials for Plaintiff's religion.  Plaintiff alleges insufficient facts to demonstrate that Plaintiff was denied the free exercise of his religion because he filed inmate grievances.

### C. Inmate Grievance

Plaintiff complains that Defendants Jones and Davis violated Plaintiff's right to petition the government for redress when they failed to discuss Plaintiff's complaint of staff misconduct at the second level of review. Prisoners have a constitutional right to file inmate grievances. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing *Rhodes*, 408 F.3d at 566, and *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003)). However, prisoners do not have a substantive due process right to a specific grievance procedure. *Ramirez*, 334 F.3d at 860. Thus, Plaintiff fails to state a claim regarding the processing of his inmate grievance.

### D. Equal Protection

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). A prisoner is entitled "to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) (quoting *Cruz v. Beto*, 405 U.S. 319, 321-22 (1972) (per curiam)). To state a claim, a plaintiff must allege facts sufficient to support the claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. *Cruz*, 405 U.S. at 321-22; *Shakur*, 514 F.3d at 891; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part on other grounds*, *Shakur*, 514 F.3d at 884-85.

Plaintiff fails to allege sufficient facts that demonstrate he was denied a reasonable opportunity to pursue his faith. As stated previously, Plaintiff was asked to provide additional information regarding which materials were necessary for the practice of his faith. Plaintiff has not alleged sufficient facts which demonstrate that Plaintiff was intentionally discriminated against on the basis of religion.

///

8

E.     **RLUIPA**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005). A substantial burden is one that imposes a "significantly great restriction or onus upon" the identified religious exercise. *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004). If plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." *Id.* (emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." *Id.*

Here, Plaintiff fails to state a RLUIPA claim. Plaintiff has not alleged a substantial burden of Plaintiff's exercise of his beliefs. Plaintiff was asked to provide additional information in order for the prison to attempt to facilitate the exercise of his religion. Though Plaintiff alleges that the prison officials in screening his inmate grievance obstructed his ability to provide such information, Plaintiff fails to allege that any Defendants affirmatively undertook actions to actually impose a substantial burden on Plaintiff's religious exercise. Plaintiff has not alleged, for example, that Defendants considered Plaintiff's requested materials and denied them. Accordingly, Plaintiff fails to state a cognizable RLUIPA claim.

IV.    **Conclusion And Order**

Plaintiff fails to state any claims against any Defendants. Plaintiff was previously provided with an opportunity to amend his complaint to cure the deficiencies identified, but was unable to do so. The Court does not find that Plaintiff will be able to plead additional facts to cure the deficiencies in his amended complaint. Accordingly, further leave to amend will not be

1  granted.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

2  Based on the foregoing, it is HEREBY ORDERED that:

3  1. This action is dismissed for failure to state a claim upon which relief may be granted;

5  2. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g); and

6  3. The Clerk of the Court is directed to close this action.

9  IT IS SO ORDERED.

10  Dated:   **May 6, 2011**                    /s/ **Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE